Andrew J. Schwaba (NC Bar No. 36455)
SCHWABA LAW FIRM, PLLC
aschwaba@schwabalaw.com
212 South Tryon Street, Suite 1725
Charlotte, NC 28281
(704) 370-0220
(704) 370-0210 (fax)

Edward H. Nicholson, Jr. (NC Bar No. 36123)
NICHOLSON LAW FIRM, P.A.
nicholsonshumaker@att.net
212 South Tryon Street, Suite 1725
Charlotte, NC 28281
(704) 223-2406 (telephone)

*Class Counsel*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EFREN DELGADO<br><br>Plaintiffs,<br><br>v.<br><br>THE ALLSTATE CORPORATION, ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY,<br><br>Defendants. | Case No. _____<br><br>Assigned to:_____<br><br>**PLAINTIFFS' CLASS ACTION COMPLAINT FOR VIOLATIONS OF N.C.G.S. § 75.1 – UNFAIR AND DECEPTIVE TRADE PRACTICES AND COMMON LAW BAD FAITH**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Efren Delgado, on his own behalf and on behalf of a putative class of Allstate insureds, brings this bad faith action to recover for the Defendant's inadequate reimbursement of his medical payments coverage claims. In further support of his claims, the Plaintiff alleges as follows:

## INTRODUCTION

1. This is a putative class action complaint brought on behalf of North Carolina consumers who have not been properly reimbursed for medical bills pursuant to the medical payments coverage of automobile insurance policies with the Defendant and for the unfair and deceptive business practices of the Defendant, Allstate Insurance Company, for their failure to pay the usual fees charged by similar medical providers in the geographical area pursuant to its medical payments coverage.

2. For years, the Defendant has improperly reimbursed its insureds for medical bills their insureds incur following a motor vehicle accident rather than the "usual fees" required to be reimbursed according to the policy issued to its insureds. Instead, the Defendant has claimed its reimbursements are based on a rate that providers charge to patients covered by health insurance companies, which rates are set by private contracts between those providers and the health insurance companies, although the reimbursed rates are in many cases even lower than those claimed.

3. As a result, Plaintiff and class members, Defendant's insureds, are required to pay money out of their own pocket to satisfy charges from providers who have not been paid their charged "usual fees" by the Defendant.

## PARTIES

4. The Plaintiff, Efren Delgado, was and is a resident and citizen of Mooresville, Iredell County, North Carolina.

5. The Defendant, The Allstate Corporation, is a corporation and is one of the largest insurance providers in the United States, whose Chief Executive Officer is Thomas J. Wilson, and whose principal place of business and headquarters are located at 2775 Sanders Road, Northbrook, Illinois 60062, with full license and privileges to operate, sell and markets insurance products to residents of North Carolina.

6. The Defendant, Allstate Indemnity Company, is a wholly owned subsidiary of the Defendant, The Allstate Corporation, with a principal place of business and headquarters are located at 2775 Sanders Road, Northbrook, Illinois 60062. At all times material, Allstate Indemnity Company is an underwriter of insurance policies for Allstate Corporation and was the underwriter for the insurance policy issued to the Plaintiff, Efren Delgado, and prospective class members.

7. The Defendant, Allstate Insurance Company, a subsidiary of Allstate Corporation, with a principal place of business and headquarters located at 2775 Sanders Road, Northbrook, Illinois 60062, is a wholly owned subsidiary of Allstate Corporation that acts as an underwriter of Allstate Corporation insurance policies. At all times material, Allstate Insurance Company provided the Plaintiff's insurance policy for the Allstate Corporation and was the holder and processor for the insurance policy issued to the Plaintiff, Efren Delgado and prospective class members.

8. At all times material, upon information and belief, Allstate Corporation was the decision making authority with regard to processing and paying medical payments claims pursuant to the Plaintiff's and prospective class members' medical payments coverages.

9. The Allstate defendants make no distinction between Allstate Corporation, Allstate Insurance Company or Allstate Indemnity Company (hereafter collectively referred to as "Allstate") in advertising, marketing literature, or communications with insureds related to their policies. Allstate Insurance Company and Allstate Indemnity Company are commonly referred to simply as "Allstate" in communications with insureds.

10. Allstate issues a single type of policy to all Allstate insureds in North Carolina, regardless of the underwriter of the Allstate policy, be it Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Company, etc.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the proposed class has more than 100 members, the class contains at least one member of diverse citizenship from Defendants, and the amount in controversy exceeds $5 million.

12. The Court has personal jurisdiction over the Defendant because the Defendant conducts substantial business in this District, and a substantial amount of the acts and omissions complained of and/or the harm alleged occurred in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1), because a substantial part of the acts and omissions giving rise to this action occurred in this District.

14. The Plaintiff, Efren Delgado, and class members contracted for an insurance policy with Allstate which included "Medical Payments" coverage. The policy required Allstate to "pay reasonable medical expenses incurred for necessary medical and funeral services because of bodily injury." Reasonable medical expenses was defined in the policy as "Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographic area in which the expenses were incurred for the specific medical service."

15. On January 31, 2016, the Plaintiff, Efren Delgado, was involved in a motor vehicle collision in Mooresville, North Carolina. Mr. Delgado sustained injuries in the motor vehicle collision for which he received medical treatment.

16. On July 7, 2016, Mr. Delgado submitted medical bills related for treatment from his January 31, 2016 motor vehicle collision in the amount of $2,300 to his automobile insurance carrier, Allstate, for payment, pursuant to the medical payments provision of his Allstate Indemnity Company insurance policy, which medical payments coverage limits were $2,000.

17. On August 3, 2016, Allstate issued a payment to the Plaintiff, in the

PLAINTIFFS' CLASS ACTION COMPLAINT - 4
Case 3:19-cv-00270-GCM   Document 1   Filed 06/10/19   Page 4 of 16

amount of $1,102.76, an amount less than the charges the Plaintiff incurred as a result of medical treatment from the motor vehicle accident.

18. With the payment Allstate sent the Plaintiff, Allstate provided an Explanation of Benefits (EOB) form that explained the reasons Allstate was reimbursing the Plaintiff for less than full amount of his coverage of $2,000, which included Reason Codes for the reduction of reimbursement rates.

19. Reason Code 340 was applied to each of the charges submitted by the Plaintiff to the Defendant, as explained by the EOB provided by the Defendant. Reason Code 340 was explained in a footnote at the bottom of the EOB as the following: "The charges have been priced according to a Coventry owned contract."

20. Upon information and belief, Allstate maintains a contract with Coventry, a subsidiary of Aetna Incorporated, a health insurance company, to assign reductions to medical provider charges. Coventry contracts with medical providers to allow Coventry a reduced reimbursement rate for its plan subscribers to satisfy a medical provider charge while guaranteeing the medical provider prompt payment on behalf of its subscribers/plan participants.

21. However, at all times material, the Plaintiff and class members, as Allstate insureds, were not covered plan participants under an Allstate sponsored health insurance plan that would afford them discounts on medical provider charges. Therefore, the Plaintiffs and class members were not subject to any discounts guaranteed by health insurance contracts with medical providers, nor was Allstate entitled to any health insurance bargained discounts with medical providers. As a result, the Defendant's reimbursements to Plaintiffs and class members were insufficient to satisfy the Plaintiff's and class members' incurred medical bills.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs incorporate all previous allegations as though fully set forth herein.

23. Plaintiffs bring this action as a class action pursuant to Rule 23 of the

Federal Rules of Civil Procedure.

24. Plaintiffs bring this case individually and as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a proposed class, as follows:

> All North Carolina residents who, at any time prior to the four years following the filing of this action have been charged for medical care; submitted such charges to the Defendant for payment and/or reimbursement pursuant to the medical payments coverage of their policy with Defendant; have received less than full payment for those charges; and whose medical payments pursuant to the policy have not exhausted the medical payments coverage limits of the policy.

Excluded from the class definition are: (a) Allstate and any of its officers, directors, and employees and any successors or assigns of same; (b) any person who has a pending suit against Allstate for any claims asserted herein or who has compromised such a claim; (c) any current or former person that submitted a medical payments claim with Allstate who subsequently has undergone personal bankruptcy; and (d) any judicial officer or court personnel in this action and their families through the third degree of relationship.

25. The members of the class are similarly situated to Plaintiffs.

26. The class consists of thousands of persons.

27. Common questions of law and fact exist with respect to the class. They include:

   a. Whether Allstate breached their contract with the Plaintiffs;
   b. Whether Allstate acted in bad faith in processing and dealing with Plaintiffs claims handling;
   c. Whether Allstate engaged in unfair and deceptive trade practices;
   d. Whether Allstate applied first party health insurance discounts to which they were not entitled to reimbursement of Plaintiff class members' medical provider charges;

  e. Whether Allstate provided reimbursement of medical providers charges at less than the usual fee charged by the majority of similar medical providers in the geographic area;

  f. Whether Allstate improperly applied health insurance discounts to first party automobile insurance claims;

  g. Whether Allstate failed to contract with medical providers to satisfy Plaintiff's charges consistent with the usual fee charged;

  h. Whether Allstate provided reimbursement of Plaintiff's medical charges at less than the market rate as set by Centers for Medicare Services;

  i. Whether Allstate failed to reimburse and/or pay Plaintiffs' class members' medical expenses consistent with the terms of class members' automobile insurance policies.

28. The common issues of law and fact of the class members are very similar and are the most significant issues in the case. These common issues predominate over any individual issues, and they can be resolved for all members of the class in one action.

29. Plaintiffs' claims are typical of the claims of the Class Members and the factual and legal bases for the claims are similar.

30. Plaintiffs will fairly and adequately represent the interests of the Class as:

  a. Plaintiff's interests do not conflict with those of the Class Members. Plaintiff does not have any relationship with Allstate except as a consumer of and purchaser of the services as described.

  b. Plaintiff and his attorneys have adequate legal and financial resources to prosecute this action diligently. Plaintiffs' counsel can advance the costs of this action.

PLAINTIFFS' CLASS ACTION COMPLAINT - 7
Case 3:19-cv-00270-GCM   Document 1   Filed 06/10/19   Page 7 of 16

c. Plaintiffs' attorneys are competent and experienced in class action litigation.

31. A class action is the superior method for adjudicating the claims asserted herein, and a class action will provide a fair and efficient method of adjudicating this controversy. The management of this litigation as a class action will not present any undue difficulties.

32. The claims asserted herein are most likely "negative value" claims (it would cost more to litigate them individually than could be recovered individually), making prosecution of the claims in separate actions by individual members of the class financially impracticable.

33. Separate prosecution of the claims would also be burdensome and inefficient for counsel and the Court.

## CLAIMS ARE NOT GOVERNED BY ARBITRATION

34. Allstate maintained several clauses in their policy related to arbitration.

35. This matter cannot be subject to any arbitration clause for several reasons.

36. The Allstate policy arbitration provision did not constitute a binding contract.

37. The claims made against Allstate fall outside of scope of the arbitration provision included in the policy.

38. The Arbitration provision is procedurally unconscionable because the Plaintiffs and class members were not offered the ability to negotiate the terms of the policy, the policy was a contract of adhesion, its terms were not clearly communicated, the policy provisions were provided to the Plaintiff and class members only after they contracted for the policy, and their harshness would come as a surprise to reasonable consumers.

39. The Arbitration provision is substantively unconscionable because, among other reasons, it: (1) requires consumers to pay for the costs of an arbitration;

2) the cost to prosecute the arbitration, even in the event consumers will be successful, will cost more than the amounts in dispute; and 3) the arbitration clause for medical payments coverage differs from the arbitration clause for other coverages of the policy by allowing the Defendant the option to choose arbitration as the governing forum, knowing precisely that consumers will not elect to prosecute a medical payments claim to pursue a negative net value recovery.

### I. FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT
### (ALL DEFENDANTS)

40. Plaintiff re-alleges and incorporates herein by reference the allegations set forth above as though fully set forth herein.

41. The Plaintiff contracted with the Defendants for an insurance policy that included medical payments insurance coverage to pay the costs of any medical treatment he may need.

42. At all times relevant herein, the Plaintiff performed all of the requirements of the contract, including the payment of premiums.

43. The Defendants failed to pay for the usual fees of the Plaintiff's necessary medical care, pursuant to the contract.

44. In failing to pay the usual fees for the Plaintiff's medical care, the Defendants breached their contract with the Plaintiff to pay his usual fees charged for all necessary medical treatment.

45. The plaintiff has been damaged on account of the breach of contract of the Defendants as alleged more fully below.

### II. SECOND CLAIM FOR RELIEF – BAD FAITH
### (ALL DEFENDANTS)

46. Plaintiff re-alleges and incorporates herein by reference the allegations set forth above as though fully set forth herein.

47. At all times relevant herein, the defendants had a duty to deal fairly and in good faith with its policyholders, including the Plaintiff and prospective class

members.

48. The Defendants engaged in a refusal to pay the Plaintiff's and prospective class members' claims after the recognition that the Plaintiff's and class members' claims were valid, and the refusal to investigate the claim so as to determine the validity of the claim.

49. At all times relevant herein, the Defendants engaged in bad faith in dealing with the Plaintiff's claim as the Defendants' refusal to pay the Plaintiff's and class members' claims were not based on honest disagreement or an innocent mistake.

50. At all times relevant herein, the Defendants' conduct in handling the Plaintiff's and class members' claims were outrageous and aggravating conduct which constituted a reckless indifference to plaintiff's and class members' rights, oppression, insult, rudeness, caprice and willfulness in that they:

   a. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue;
   b. Did not attempt in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability became reasonably clear;
   c. Failed to promptly settle claims in which liability became reasonably clear;
   d. Failed to promptly provide a reasonable explanation of the basis in the policy in relation to the facts or law for denial of the claim or for the offer of compromise settlement;
   e. Failed to promptly and reasonably investigate the claims made by the Plaintiffs and class members.
   f. Failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
   g. Failed to adopt and implement reasonable standards for the prompt

investigation of claims arising under insurance policies;

h. Refused to pay a claim without conducting a reasonable investigation based upon all available information;

i. Failed to affirm or deny coverage of the claim within a reasonable time after a proof-of-loss statement had been completed;

j. Attempted to make claims payments based upon an altered application without the knowledge of the insured;

k. Failed to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

51. The plaintiff has been damaged on account of the bad faith of the defendants, as alleged more fully below.

### III. THIRD CLAIM FOR RELIEF – UNFAIR CLAIMS SETTLEMENT PRACTICES
### (ALL DEFENDANTS)

52. Plaintiff re-alleges and incorporates herein by reference the allegations set forth above as though fully set forth herein.

53. At all times relevant herein, the defendants sold and handled insurance policies and claims in the State of North Carolina. As such, their activities and practices were governed by the North Carolina Unfair Claims Settlement Practices Act, codified at N.C. G.S. § 58-63-15 et seq.

54. The defendants violated the North Carolina Unfair Claims Settlement Practices Act, N.C. § G.S. 58-63-15 in that they:

    a. Provided false information and misrepresentations of pertinent facts or insurance policy provisions relating to coverages at issue;

    b. They did not attempt in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability has become

reasonably clear;

    c. They failed to promptly settle claims in which liability has become reasonably clear;

    d. They failed to promptly provide a reasonable explanation of the basis in the policy in relation to the facts or law for denial of the claim or for the offer of compromise settlement;

    e. They failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    f. They refused to pay a claim without conducting a reasonable investigation based upon all available information;

    g. They compelled the insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

    h. They attempted to settle a claim for less than the amount to which a reasonable person would have believed they were entitled;

    i. They did not attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

55. The defendants' violation of the North Carolina Unfair Claims Settlement Practices Act, N.C. G.S. § 58-63-15 et seq., caused the plaintiff the injuries and damages as alleged more fully below.

## IV. FOURTH CLAIM FOR RELIEF – UNFAIR TRADE OR DECEPTIVE PRACTICES
### (ALL DEFENDANTS)

56. Plaintiff re-alleges and incorporates herein by reference the allegations set forth above as though fully set forth herein.

57. At all times relevant herein, the defendants sold insurance in the State

of North Carolina. As such, their activities and practices were governed by the North Carolina Unfair and Deceptive Trade Practices Act, codified at N.C. G.S. § 75-1.1 et seq.

58. The Defendants committed an unfair or deceptive act or practice in the sale, claim processing, and claim settlement for the Plaintiff's insurance claim.

59. The defendants violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. G.S. § 75-1.1 in that they:

    a.    Violated the North Carolina Unfair Claims Settlement Practices Act, codified at N.C. G.S. § 58-63-15 et seq.;

    b.    Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue;

    c.    They did not attempt in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability has become reasonably clear;

    d.    They failed to promptly settle claims in which liability has become reasonably clear;

    e.    They failed to promptly provide a reasonable explanation of the basis in the policy in relation to the facts or law for denial of the claim or for the offer of compromise settlement;

    f.    They failed to promptly and reasonably investigate the claims made by the Plaintiff;

    g.    They failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    h.    They failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    i.    They refused to pay a claim without conducting a reasonable investigation based upon all available information;

    j.    They failed to affirm or deny coverage of the claim within a reasonable time after a proof-of-loss statement had been completed;

k.  They attempted to make claims payments based upon an altered application without the knowledge of the insured;

l.  They failed to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

60.  The Defendants' sale of the insurance policy and subsequent handling of the Plaintiff's claim for benefits according to the policy affected commerce.

61.  The defendants' violation of the North Carolina Unfair Claims Settlement Practices Act, N.C. G.S. § 75-1.1, caused the plaintiff the injuries and damages as alleged more fully below.

## CONCLUSION

WHEREFORE, Plaintiffs, on behalf of themselves and Class members, pray for relief as follows:

A.  For an order that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that each of the above-described classes be certified, that Plaintiffs be appointed Class representatives, and that Plaintiffs' counsel be appointed as counsel for the Class;

B.  For an order requiring Allstate to pay actual damages in an amount to be determined at trial;

C.  Under Count I, for actual damages sustained by Plaintiffs and Class Members as a result of violations of their breach of contract including any amounts paid by Plaintiffs for medical expenses not covered by Allstate's medical payments coverage, and punitive damages as the Court deems proper; costs and attorneys' fees;

F.  Under Count II, for actual damages sustained by Plaintiffs and Class Members as a result of Defendant's bad faith conduct including any amounts paid by Plaintiff to satisfy medical expenses not covered by Allstate's

medical payments coverage, and punitive damages as the Court deems proper; costs and attorneys' fees;

G. Under Count III, for actual damages sustained by Plaintiffs and Class Members as a result of violations of North Carolina General Statute § 58-63-15 et seq. and for restitution, treble damages, court costs, attorney's fees and any other relief the Court deems just and proper;

H. Under Count IV, for actual damages sustained by Plaintiffs and Class Members as a result of violations of North Carolina General Statute § 75.1 et seq. and for restitution, civil penalty of $5,000 per violation, treble damages, court costs, attorney's fees and any other relief the Court deems just and proper;

I. That they be awarded treble and punitive damages, pursuant to the Unfair Trade Practices Act, N.C. G.S. § 75-1.1 and N.C. G.S. §58-63-15 et seq.;

J. That the costs of this action be taxed to the defendants; and

K. For such other and further relief as the Court deems just and proper.

L. On all counts, for an award of the costs of suit incurred herein, including expert witness fees;

M. On all counts, for an award of interest, including prejudgment interest, at the legal rate; and

N. For such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues.

Dated this 10th day of June, 2019.

**SCHWABA LAW FIRM, PLLC**

s/ *Andrew J. Schwaba*
Andrew J. Schwaba
NC Bar No.: 36455
212 South Tryon Street
Suite 1725
Charlotte, NC 28281
(704) 370-0220
(704) 370-0210 (fax)
aschwaba@schwabalaw.com

**NICHOLSON LAW FIRM, P.A.**

s/ *Edward H. Nicholson, Jr.*
Edward H. Nicholson, Jr.
NC Bar No. 36123
212 South Tryon Street
Suite 1725
Charlotte, NC 28281
(704) 223-2406 (telephone)
nicholsonshumaker@att.net

*Attorneys for Plaintiffs*