# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-270-GCM

| | |
|---|---|
| EFREN DELGADO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)  ORDER |
| THE ALLSTATE CORPORATION,<br>ALLSTATE INDEMNITY COMPANY,<br>ALLSTATE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss ("Motion") (Doc. No. 9). Defendants challenges Plaintiff's standing, and, therefore, this Court's subject-matter jurisdiction. *See Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017) (citing U.S. Const. art. III, § 2)). "A defendant may challenge subject-matter jurisdiction in one of two ways: facially or factually." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (citation omitted). "In a facial challenge, the defendant contends that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Id.* (citation omitted). "Accordingly, the plaintiff is afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration, wherein the facts alleged in the complaint are taken as true." *Id.* (citation and internal quotations omitted). "In a factual challenge, the defendant argues that the jurisdictional allegations of the complaint are not true, providing the trial court the discretion to go beyond the allegations of the complaint and . . . determine if there are fact to support the jurisdictional allegations. *Id.* (citation and internal quotations omitted). In the context of a factual challenge, "'the presumption of truthfulness normally accorded a complaint's allegations does not apply.'" *Id.* (citation omitted).

Here, it is unclear whether Defendants' challenge is a factual or a facial one. On the one hand, Defendant asks the Court to apply the Rule 12(b)(6) standard to their argument that Plaintiff lacks standing. (Doc. No. 10, at 5, 6). On the other, Defendants cite to and rely on additional evidence beyond the allegations in Plaintiff's Complaint. (Doc. No. 10, at 9). For example, while Plaintiff complains that Defendants (insurance providers) reimbursed him less than the amount of money that he was charged for medical services (rendered in relation to a vehicle collision), Defendants cite to evidence showing that the lesser amount was accepted as full payment by the medical service provider. (Doc. No. 1, at 4-5; Doc. No. 10, at 7, 8, 9). Thus, Defendants argue that Plaintiff did not have any out-of-pocket expenses and was not injured. (Doc. No. 10, at 6, 7) (citing *Friends of the Earth*, 629 F.3d at 396 (To meet the constitutional requirement for standing, plaintiffs must show that they suffered an injury in fact.)).

To resolve the factual questions raised by Defendants, the Court raises a factual challenge to Plaintiff's standing *sua sponte*. *See MDC Innovations, LLC v. Hall*, 726 F. App'x 168, 172 (4th Cir. 2018) (Lack of subject matter jurisdiction is an issue that may be raised by a court at any time). Further, the Court **ORDERS** the parties to provide supplemental briefs addressing whether the Plaintiff was injured. And, the Court will consider evidence beyond the factual allegation in the Complaint. Defendant's supplemental brief is due **March 13, 2020**, and Plaintiff's supplemental brief in response is due **March 26, 2020**. The supplemental briefs will not exceed eight pages.

**SO ORDERED**.

Signed: February 19, 2020

Graham C. Mullen
United States District Judge